

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDAN SHEKLOW, an individual; ANNA SHEKLOW, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-3860 GW (SSx)<br><br>Matter Assigned to Honorable Judge George H. Wu and Magistrate Judge Suzanne H. Segal<br><br>**Discovery Document: Referred To Magistrate Judge Suzanne H. Segal**<br><br>[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION |

Having reviewed the Joint Stipulation for Protective Order entered into between plaintiffs, Edan Sheklow (collectively, "plaintiffs"), and defendant, State Farm Fire and Casualty Company ("defendant") in the above-caption litigation pending before this Court (the"Litigation"), this Court issues the following Protective Order Governing ConfidentialInformation:

1. **PURPOSE AND LIMITATIONS**

   1.1  Purpose: Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than

1

prosecuting this litigation may be warranted. Plaintiffs Edan Sheklow and Anna Sheklow ("Plaintiffs") and Defendant State Farm Fire and Casualty Company ("State Farm") (collectively the "Parties"), recognizing that both Plaintiffs and Defendant may have materials containing confidential business or financial information, trade secret and proprietary information, information regarding confidential business practices, tax records, business records, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), have agreed to the terms of the Protective Order ("Order") as set forth below. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

Accordingly, the following Protective Order is hereby stipulated to. This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Furthermore, as set forth in Section 12.4 below, this Protective Order does not entitle anyone to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party or Non-Party seeks permission from the Court to file material under seal.

1.2 <u>Good Cause Statement</u>: The Parties submit that protection should be addressed by a Court Order because of the nature of the claims and documents at issue in this case. Plaintiffs allege they are being pursued by Homesite Insurance Company ("Homesite") for damage caused to a third party condominium as a result of a water loss that occurred on or around March 22, 2017 that originated in Plaintiffs' condominium. Plaintiffs further allege that Homesite has demanded payment for the damage to the third party condominium ("Demand"), and that the Demand is covered under Condominium Unit Owner's Policy No. 02-BAV702-8, which was in effect from January 18, 2017 to January 18, 2018 (the "Policy). Discovery in this case will

involve the production of trade secret and proprietary materials, confidential documents such as tax records, business records, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information that is entitled to confidentiality, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. Information will not be designated as confidential for tactical reasons and nothing will be designated confidential without a good faith belief that it has been maintained in a confidential, non-public manner.

2. **DEFINITIONS**

    2.1  <u>Demand:</u> Homesite's demand for payment to Plaintiffs for the damage to a third party condominium.

    2.2  <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3  <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. As a general guideline, "CONFIDENTIAL" information is material that a party reasonably believes constitutes, contains, reflects or discloses confidential, non-public information, research and analysis, development or commercial or personal information, proprietary or trade secret information, Discovery Material

protected by the attorney-client and/or work product privileges, and/or other information for which a good faith claim of need of protection from disclosure can be made.

    2.4    <u>NO DOCUMENT IS CONDIFENTIAL IF IT</u>:

    (a)    Was known to the receiving party without obligation of confidentiality prior to disclosure by the Producing Party, as evidenced by the receiving party's written records;

    (b)    Is subsequently disclosed to the receiving party by a third-party having no obligation of confidentiality to the Producing Party with respect to such information;

    (c)    Is independently developed by employee(s) of the receiving party who had no access to such information before such development; or

    (d)    Is published or becomes generally known to the public through means not constituting a breach of this Order or an obligation of confidentiality to the producing party.

    (e)    Is, information already in the possession of the Receiving Party shall not become Confidential Information merely because the Producing Party produces copies stamped Confidential Information.

    2.5    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

    2.6    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.7    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Parties' dispute who has been retained by a Party or its counsel to serve as an expert witness or as a consultant solely for the purpose of advising and assisting Outside Counsel of Record or giving expert testimony.

2.9 <u>In-House Counsel</u>: attorneys who are employees of a Party. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: Outside litigation counsel of record, and their paralegals, secretaries, and other support staff.

2.12 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of

Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by a separate agreement or order. This Order does not govern the use of Protected Material at trial.

## 4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>:

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations: Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" (in such a manner as will not interfere with the legibility thereof), on at least the first page of the document that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") (in such a manner as will not interfere with the legibility thereof), on at least the first page of the document that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party will have 21 days after receipt of the deposition transcript to inform the other Party or Parties to the action of the portions of the transcript to be

designated "CONFIDENTIAL." Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days after receipt of the deposition transcript, that the entire transcript shall be treated as "CONFIDENTIAL."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.3 <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>: Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>: The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the

Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within ten days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

     6.3    Judicial Intervention: If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion challenging the designation within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

     6.4    Burden of Persuasion: The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

     7.1    Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this case. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner intended reasonably to ensure that access is limited to the persons authorized under this Order.

7.2  Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as defined in Section 2.10;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A;

(d) the Court and its personnel;

(e) Court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign Exhibit A; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party, where such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, where such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information

produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non- Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non- Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

### 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

to retrieve all unauthorized copies of the Protected Material, (c) make every effort to prevent further disclosure by the Receiving Party and by the person(s) receiving the unauthorized disclosure, (d) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order, and (e) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. **INADVERTENT PRODUCTION OF PROTECTED MATERIAL INFORMATION**

Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces any Protected Material without designating it with the legend "CONFIDENTIAL," the Producing Party may give written notice to the Receiving Party that the Disclosure or Discovery Material contains Protected Material and should be treated as such in accordance with the provisions of this Order. Upon receipt of such notice, the Receiving Party must treat such Disclosure or Discovery Material as Protected Material. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL." The inadvertent or unintentional disclosure by the Producing Party of Protected Material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality either as to the specific information disclosed, or as to any other information relating thereto or on the same or related subject matter. The Receiving Party shall not be responsible for the disclosure or other distribution of belatedly designated Protected Material as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Order.

## 12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any

person to seek its modification by the Court in the future.

    12.2 <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3 <u>Redacted Information</u>: Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of sensitive material that is subject to the attorney-client privilege or to work-product immunity. Each such redaction, regardless of size, will be clearly labeled. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

    12.4 <u>Filing Protected Material</u>: Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

    12.5 <u>Electronic Notice</u>: Transmission by electronic mail is acceptable for all notification purposes within this Order.

## 13. **FINAL DISPOSITION**

Within 60 days after the final disposition, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, except in order to comply with laws or regulations concerning disclosure, or in the conduct of the Parties' communications with attorneys, financial advisors or auditors or insurers, or in the conduct of the Parties' business including without limitation disclosure by State Farm to its reinsurers, counsel and auditors. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

## ORDER

UPON THE STIPULATION OF THE PARTIES AND GOOD CAUSE APPEARING, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

DATED: 8/27/18

_____
Suzanne H. Segal
United States District Court Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by California Superior Court Contra Costa County on _____ in the case of *Edan Sheklow, et al. v. . State Farm Fire and Casualty,* Case No. 2:18-cv-3860. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court Central District for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____